## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 4196 | **DATE** | 12/14/2004 |
| **CASE TITLE** | Brotherhood of Railroad Signalmen vs. Union Pacific Railroad Company | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Ruling date on pending motions of 1/6/05 is stricken. Respondent's motion for summary judgment (4-1) and petitioner's motion for summary judgment (6-1) are denied. This case is remanded to the Special Board of Adjustment 1132 for clarification of their award.
Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

date docketed: DEC 15 2004
Document Number: 15
courtroom deputy's initials: CW

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| BROTHERHOOD OF RAILROAD SIGNALMEN, | ) ) ) | |
| Petitioner, | ) ) | No. 04 C 4196 |
| v. | ) ) | Judge Paul E. Plunkett, Senior Judge |
| UNION PACIFIC RAILROAD COMPANY, | ) ) ) ) | |
| Respondent. | ) ) | |

DOCKETED
DEC 1 5 2004

## MEMORANDUM OPINION AND ORDER

Brotherhood of Railroad Signalmen ("BRS" or "Petitioner") filed this action to enforce a Railway Labor Act arbitration award issued by the Special Board of Adjustment 1132 ("Board"). The action follows an award that was granted to Petitioner on behalf of M.K. Dylo, who was grieving a suspension issued by the Union Pacific signalman. The Board sustained the grievance by removing the thirty-day suspension from Mr. Dylo's record and ordering that "he shall be made whole." The parties disagree as to the meaning of the "made whole" provision of the award and have filed Cross-Motions for Summary Judgment pursuant to Federal Rule of Civil Procedure ("Rule") 56. For the following reasons, this matter is remanded to the Board for clarification of their award.

## Facts

The underlying facts of this case are, for the most part, undisputed. On October 27, 2001, Union Pacific suspended Dylo for thirty days without pay while they were investigating his role in

allegedly compromising the safety of the railroad signal system at Kress Control Point on the Geneva Subdivision. Dylo grieved the suspension through his union, BRS, demanding that his record be cleared and that he be given back pay for the suspension period. After BRS and Union Pacific were unable to resolve the dispute, the matter was taken to the Board pursuant to the collective bargaining agreement between Union Pacific and BRS ("Agreement").

After considering the matter, the Board sustained BRS's claim on behalf of Dylo and issued an award stating, "[t]he thirty-day suspension shall be removed from the claimant's record and he shall be made whole." Accordingly, Union Pacific removed any reference of the suspension from Dylo's record and paid him $3,990 in compensation for the thirty-day period of his suspension. This amount represented Dylo's base pay for one month, or his hourly rate multiplied by forty hours a week. However, A.M. Hovel, who replaced Dylo during the suspension period, worked approximately sixty overtime hours. BRS contends that had he not been suspended, Dylo would have worked those same overtime hours and, in order to "be made whole," he should be paid $2,131.20 in overtime wages. On behalf of Dylo, BRS requests that this Court enforce the award by ordering Union Pacific to pay the additional $2,131.20 to Dylo.

Union Pacific disputes that interpretation on multiple grounds. First, Union Pacific contends that, under the Agreement that established PLB No. 1132, BRS did not make a timely request for an interpretation of the award. Second, under 45 U.S.C. §153, they state this Court is without subject matter jurisdiction to review the decision of PLB No. 1132. Third, even if this court were allowed to interpret the award's language of "made whole," they assert the award should be interpreted to require them to pay only the base pay amount of $3,990 to Dylo. Both parties have stated that, in the alternative, this Court could remand this matter to the Board to clarify their award.

## The Legal Standard

In order for a party to prevail on a motion for summary judgment, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, [must] show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). At this stage, we may not weigh the evidence or make any credibility determinations. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). We view all evidence and draw all inferences in favor of the nonmoving party. *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). For cross-motions for summary judgment, each movant must individually fulfill the stringent requirements necessary to obtain summary judgment under Rule 56. *United Transp. Union v. Illinois Ctr. R.R.*, 998 F. Supp. 874, 880 (N.D. Ill. 1998).

Additionally, where "undisputed facts give rise to disputed inferences," summary judgment is not appropriate. *Harley-Davidson Motor Co., Inc. v. Powersports, Inc.*, 319 F.3d 973, 989 (7th Cir. 2003) (ruling that "the choice between reasonable inferences from facts is a function of the fact-finder"). *See also Ramirez v. Nutrasweet Co.*, 1997 U.S. Dist. Lexis 17111, at *7 (N.D. Ill. Oct. 27, 1997) ("if the evidence presented by the parties is subject to conflicting interpretations, or if reasonable minds could differ as to its significance, summary judgment must not be granted") (citing *O'Connor v. Chicago Transit Auth.*, 985 F.2d 1366 (7th Cir. 1993)).

## Discussion

The first issue we must address is whether this Court has subject-matter jurisdiction over this matter. Respondent maintains that this issue is improperly before this Court on two grounds. First, Respondent notes that under paragraph (J) of their Agreement, the parties have 120 days to seek an

interpretation of an award. Since BRS waited 252 days to demand that Union Pacific pay Dylo overtime in addition to the base pay, Union Pacific argues that this action is untimely.

Paragraph (J) of the Agreement states:

(J) In the event a dispute arises involving the interpretation of a Board award while the Board is in existence or upon recall within thirty days thereafter, the Board, upon request of either party, shall interpret the award in light of the dispute, either party may request the Board to render an interpretation within 120 days from the date of the award.

(Resp't's LR 56.1(a)(3) Stmt. Ex. 3.)

Here, BRS claims it is seeking *enforcement* of the award and not an interpretation. In their view, the Board's award requiring that Dylo "be made whole" includes overtime pay and needs no interpretation. However, as articulated in the language, the parties have the option of requesting an interpretation of the award under the Agreement. Illustrated by the phrase, "either party *may* request," it can be inferred that a failure to request a review does not result in a waiver of a party's right to seek enforcement of an award in district court. We are not persuaded and therefore the claim cannot be precluded because of this.

Second, Respondent argues that this matter is outside the scope of the Court's jurisdiction provided for in 45 U.S.C. §153(p) which states:

> [i]f a carrier does not comply with an order of a division of the Adjustment Board within the time limit in such order, the petitioner, or any person for whose benefit such order was made, may file in the District Court. . . a petition. . . . the district courts are empowered, under the rules of the court governing actions at law, to make such order and enter such judgment by writ of mandamus or otherwise, as may be appropriate to enforce or set aside the order of the division of the Adjustment Board.

45 U.S.C. §153(p).

However, Union Pacific specifically cites *Union Pacific R.R. Co. v. Sheehan* for the assertion that "[j]udicial review of National Railroad Adjustment Board orders is limited to three specific grounds." *Union Pacific Railroad Co. v. Sheehan*, 439 U.S. 89, 93 (1978). According to the Supreme Court, the district court can only review orders of the Board when one of the following exists: "(1) failure of the Adjustment Board to comply with the requirements of the Railway Labor Act; (2) failure of the Adjustment Board to conform, or confine itself to matters within the scope of its jurisdiction; and (3) fraud or corruption." *Id.* In *Sheehan*, the Court lays out fairly narrow instances when judicial review of a decision by the Board is proper. Yet, the railroad employee in that case sought to have the Board's decision reviewed or appealed and overturned.

In the present case, BRS argues that Union Pacific has not complied with the April 8, 2003 order of the Board. Accordingly, they have filed this action with this Court. However, BRS and Union Pacific do not seek review of the merits of the Board's finding; rather, they seek to determine what is meant by the award that Dylo "be made whole." Therefore, the claim should not be precluded, and we have proper jurisdiction to consider the matter.

Next we address the Board's ability to determine the size of the award. District courts are empowered to determine the size of a Railway Board's award when computation is severable from the merits of the finding, but it is improper, under most circumstances, for a district court to reopen a Board's finding on the merits. *Gunther v. San Diego & Arizona E. Ry. Co.*, 382 U.S. 257, 263-64 (1965). The Court said, "[t]hough the Board's finding on the merits . . . must be accepted by the District Court, it has power under the Act to determine the size of the money award." *Id.* at 264 (drawing a distinction between a district court's power to review the merits of a decision and determine the size of the award).

As mentioned, neither side contests that an award was improperly issued by the Board. Nor does either party request this Court to overturn or reverse the award removing the suspension from Dylo's record and requiring that he "be made whole." Instead, the parties dispute the size of the money award to which Dylo is entitled. Accordingly, this Court does have subject matter jurisdiction.

In addition to enforcing the award, the district court also has the option to remand the case back to the Board for clarification. *Miller v. Chicago & N.W. Transp. Co.*, No. 88 C6567, 1988 WL 135553 *2 (N.D. Ill. Dec. 9, 1988) This option should be exercised by the court when an ambiguity in the award makes it too indefinite to be enforced. *United Transp. Union v. S. Pac. Transp. Co.*, 529 F.2d 691, 693 (5th Cir. 1976); *Order of R.R. Conductors and Brakemen v. Erie Lackawanna R.R. Co.*, 302 F.Supp. 1196, 1200 (N.D. Oh 1969) (holding that an award for "lost time" was to vague for court to determine whether outside earnings should be deducted and that remand to Board was proper); *Hanson v. Chesapeake & Ohio Ry. Co.*, 412 F.2d 631, 634 (5th Cir. 1969).

The court in *United Transportation Union* dealt with a very similar factual scenario as we have before us today. There, an employee was reinstated and awarded "time lost." *United Transp. Union,* 529 F.2d at 692. The Board paid the employee "straight time" with no extra pay for overtime or holidays. *Id.* The employee's union filed an action with the district court claiming that had he been working, he would have earned all the additional payments including overtime. *Id.* The court decided that the award of "time lost" was too indefinite for them to determine the inclusion or exclusion of overtime and other extra pay. *Id.* The court noted, "[i]n the present case, there is no evidence which gives clear indication as to what the board meant when it directed [the railroad] to compensate [the employee] for 'time lost.'" *Id.* Thus, the matter was remanded to the board.

In this case, BRS specifically sought "payment of all time lost and benefits and his record cleared of any reference to this" suspension. (Board Case No. 17.) The Board then ordered that "[t]he claim is sustained. The thirty-day suspension shall be removed from the Claimant's record and he shall be made whole." (Board Case No. 17.) Neither the claim nor the award made any mention of overtime pay. However, when read in context, the Board sought to pay Dylo for "all time lost." The monetary amount of this award turns on whether or not Dylo would have worked the same amount of overtime as his replacement.

Both parties have offered evidence supporting their positions regarding this dispute. However, there is no evidence that gives this court a clear, undisputed indication of what the Board meant when they ordered that Dylo "be made whole."

## Conclusion

This factual question is one for the Board to determine. Accordingly, the matter is remanded to the Special Board of Adjustment 1132 for clarification.

**ENTER:**

_____
SENIOR UNITED STATES DISTRICT JUDGE

DATED: **DEC 1 4 2004**